**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LATOYIA MHOON,** ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:15-CV-1726-L-BH |
| ) | |
| **UNITED PARCEL SERVICE,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening.  Based on the relevant filings and applicable law, the case should be **DISMISSED**.

**I.  BACKGROUND**

Latoyia Mhoon (Plaintiff) filed suit against United Parcel Service (Defendant) on May 19, 2015, alleging a violation of the Americans with Disabilities Act.  (doc. 1 at 1-2.)[1]  She claims she worked as a package handler in Defendant's pre-sort/shipping and receiving department from November 29, 2010 until June 12, 2012. (docs. 1 at 1; 11 at 2.[2])  She alleges that she was severely injured at work, but provides no other information regarding her alleged disability.  (doc. 11 at 4.)  As a result of the injury, she could not go up stairs, bend, stand for a longer period of time, or lift heavy packages, and she could not perform an essential function of her job.  (doc. 11 at 5.)  Although other employees with injuries were provided accommodations and light duties, her supervisor allegedly told  her on June 14, 2012, that she could not return to work without being "100% healthy" and failed to make reasonable accommodations for her alleged disability.  (*Id*. at 5-6.)  She was discharged on June 12, 2012, "on or about October 17, 2012," or "on or about

---

[1]  Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  Plaintiff's answers to the questionnaire constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

October 24, 2012." (docs. 1 at 1-2; 11 at 2.)[3] She seeks "to be made whole on all wages, work hours and compensation." (*Id.* at 9.)

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id*.

## III. ADA CLAIM

Plaintiff alleges that Defendant failed to provide her with reasonable accommodations on June 14, 2012, in violation of the Americans with Disabilities Act (ADA). (doc. 11 at 6.)

---

[3] Plaintiff also claims that she "cannot receive unemployment, worker (medical) compensation and other entitled benefits due [to her], because [Defendant] has [her] listed as . . . . actively employed in their system." (doc. 11 at 2.)

A.      **Timely Exhaustion of Administrative Remedies**

The ADA prohibits a covered entity from discriminating against a qualified individual with a disability because of that disability. 42 U.S.C. § 12112(a). Before an individual can pursue an ADA claim in federal court, she must exhaust her available administrative remedies. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam). The ADA incorporates by reference the procedures applicable to actions under Title VII. *Id.* at 789 (citing 42 U.S.C. § 12117(a)).

The complainant must file the charge with the EEOC within 180 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n.1 (2002). In a "deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act.[4] *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 18 (5th Cir. 2009) (per curiam). If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within 90 days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). Timely filing of an EEOC complaint is not a jurisdictional requirement; the limitations period is subject to estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Taylor v. United*

---

[4] Plaintiff has not alleged that she first initiated state proceedings before filing her EEOC charge. (*See* docs. 3, 11.) Some but not all courts appear to require a plaintiff to actually file with the state agency to trigger the elongated 300-day filing provision in deferral states. *See, e.g., Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994) (extending period to 300 days in a Title VII case because the "complainant [had] instituted state or local proceedings"); *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 976 (N.D. Tex. 2011) (same); *Profit v. Klein Indep. Sch. Dist.*, No. H-14-0850, 2015 WL 3866720, at *5 (S.D. Tex. June 23, 2015) ("The plaintiff must file a charge of disability discrimination with the [EEOC] within 180 days of the illegal act, or within 300 days if she has filed a complaint with the state or local agency."); *Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 275 (5th Cir. 2006) (per curiam) (extending the ADA charge period to 300 days because Texas is a deferral state). In response to a magistrate judge's questionnaire, Plaintiff submitted a charge of discrimination that appears to have been submitted to both the EEOC and the state agency at the same time on June 19, 2013. (*See* doc. 11 at 14-15.) Accordingly, Plaintiff had 300 days to file her EEOC charge and it is unnecessary to consider if the elongated 300-day filing provision automatically applied in Texas, as a deferral state.

*Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008).  A plaintiff who does not file a charge within 300 days bears the burden of showing a factual basis for tolling the limitations period.  *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988).  Equitable tolling applies only in "rare and exceptional circumstances," however.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

### 1. *Failure to Accommodate on June 14, 2012*

On June 19, 2013, Plaintiff filed her EEOC charge asserting Defendant violated the ADA by failing to accommodate her disability on June 14, 2012.  (doc. 11 at 14.)  On February 19, 2015, Plaintiff received a right to sue letter because more than 180 days had passed since she filed her charge.  (*Id.* at 11.)  Because Plaintiff filed her EEOC charge on June 19, 2013, she filed it more than 300 days after the alleged discriminatory action on June 14, 2012.  (*See* doc. 11 at 6, 14-15.)  Accordingly, Plaintiff did not timely file her EEOC charge.

As noted, a plaintiff who does not file a charge within 300 days bears the burden of showing a factual basis for tolling the limitations period, *Blumberg*, 848 F.2d at 644, and that equitable tolling applies only in "rare and exceptional circumstances." *Davis*, 158 F.3d at 811.  The Fifth Circuit has recognized that equitable tolling may be warranted where a suit between the same parties is pending, where the plaintiff is unaware of the facts giving rise to the claim, or where the EEOC misled the plaintiff about the nature of her rights.  *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

Here, Plaintiff alleges that Defendant took adverse action against her on June 14, 2012, that she was aware of the facts to support her claim of a discrimination that day, and that she filed her charge of discrimination on June 19, 2013.  (*See id.*)  In response to a specific question in a magistrate judge's questionnaire regarding why equitable tolling was applicable, she responded,

4

"Unknown, not sure." (doc. 11 at 8.) Because she does not allege any facts to support a plausible claim for equitable tolling, her ADA claim arising from the alleged failure to accommodate on June 12, 2012, should be dismissed.

### 2. *Termination in October 2012*

Plaintiff's filings also reference her termination in either June or October 2012. (docs. 1 at 1-2; 11 at 2.)[5] As noted, Plaintiff filed her EEOC charge on June 19, 2013. (*See* doc. 11 at 14-15.) To the extent that her filings can be liberally construed as asserting an ADA claim relating to an alleged termination on June 12, 2012, the EEOC charge would have been filed more than 300 days after the incident and would therefore be untimely for the same reasons as the alleged failure to accommodate on June 14, 2012. To the extent that her filings can be liberally construed as asserting an ADA claim relating to an alleged termination in October of 2012, however, her EEOC charge would have been filed within 300 days and would therefore be timely.

### B. **Disability**

Any claim relating to an alleged termination in October of 2012 is subject to dismissal for failure to allege a disability within the meaning of the ADA.

The ADA prohibits discrimination "against a qualified individual on the basis of disability" regarding hiring, discharge, compensation, or any of the terms and conditions of the person's employment. 42 U.S.C. § 12112(a). A "qualified individual" under the ADA is an individual with a disability "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Merely having an impairment, however, does not make one disabled for purposes of the ADA." *E.E.O.C.*

---

[5] Plaintiff also alleges that she is also currently "listed as . . . actively employed in [Defendant's] system." (docs. 1 at 2.) Because she specifically alleges three different termination dates, those dates will be considered.

5

*v. Chevron Phillips Chem. Co., L.P.*, 570 F.3d 606, 613-14 (5th Cir. 2009); *accord Picard v. St. Tammany Parish Hosp.*, 423 F. App'x 467, 469 (5th Cir. 2011). "Plaintiffs also need to demonstrate that the impairment substantially limits a major life activity." *Chevron Phillips Chem. Co.*, 570 F.3d at 614. The ADA's implementing regulations provide a non-exhaustive list of major life activities, including "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2(1)(i).

When determining whether an impairment substantially limits an individual in a major life activity,

> (i) The term "substantially limits" shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. "Substantially limits" is not meant to be a demanding standard.
>
> (ii) An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section.

29 C.F.R. § 1630.2(j)(1)(i), (ii). "Without an absolute definition from Congress or Fifth Circuit precedent discussing the substantial limitation prong in detail, trial courts are left to pinpoint where the impairment falls within the substantial limitation spectrum. To aide in this determination, courts apply factors to decide if an impairment results in a substantial limitation." *Willis v. Noble Environmental Power, LLC*, 143 F. Supp. 3d 475, 481 (N.D. Tex. 2015) (citing *Holland v. Shineski*, No. 3:10-cv-0908–B, 2012 WL 162333, at *6 (N.D. Tex. Jan. 18, 2012)). "The factors include: 'the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long term impact, or the expected permanent or long term impact of, or resulting from,

the impairment.'" *Id.* (quoting *Armstrong v. Boehringer Ingelheim, Pharm., Inc.*, No. 3:08-cv-1458-0, 2010 WL 2540751, at *15 (N.D. Tex. June 21, 2010)).

Plaintiff generally alleges that she is disabled, but she failed to identify her disability in response to a direct question. (*See* doc. 11 at 4.) She alleges only that she was severely injured, but does not allege a specific "physical or mental impairment." *See Willis*, 143 F. Supp. 3d at 479 ("A physical or mental impairment includes a physiological disorder or condition that affects one or more body systems.").

In addition, she does not allege that her impairment substantially limited a major life activity within the meaning of the ADA. Plaintiff alleges only allege that:

> I can not [sic] climb, have to wear knee brace, my knees locks [sic] when [I] go up a hill. I have aching pains that wake me up at night. Since the incident I have suffered emotionally and financially distress. I cant [sic] stand for a long period of time. I cant [sic] longer do physical activities such as running or jumping with my children, like I use [sic] to.

(doc. 11 at 4.) These physical limitations are not included on the non-exhaustive list from the ADA's implementing regulations of activities that constitute major life activities. *See* 29 C.F.R. § 1630.2(i)(1)(i) She makes no allegation regarding her physical abilities in relation to the general population. *See* 29 C.F.R. § 1630.2(j)(1)(ii). She also makes no allegation regarding the nature and severity, duration or expected duration, or the permanent or long term impact of the impairment. *See Willis*, 143 F. Supp. 3d at 481-82 (considering factors). In essence, she alleges no facts to support a determination that her impairments result in a substantial limitation. *See, e.g., Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 513 (E.D. Pa. Feb. 28, 2012) (granting a motion to dismiss because the plaintiff failed to adequately plead the existence of an impairment that would rise to the level of "substantially" limiting one or more of his major life activities); *Mercer*

*v. Arbor E&T*, No. 4:11-cv-3600, 2012 WL 1425133 (S.D. Tex. Apr. 21, 2012) (granting a motion to dismiss because Plaintiff failed to adequately allege that she suffered from a disability). Because Plaintiff fails to plead an impairment or sufficient facts to support an inference that her physical restrictions are severe enough to substantially limit a major life activity within the meaning of the ADA, her pleadings only allege mere labels or conclusions regarding her disability, which is insufficient to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555. Accordingly, any ADA claim relating to her termination should be dismissed for failure to state a claim.

## IV. RECOMMENDATION

Plaintiff's claim should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

**SO RECOMMENDED on this 19th day of October, 2016.**

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9